UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Derek Potocki

   v.                                                Civil No. 07-cv-071-SM

Warren Dowaliby, Superintendent,
Strafford County House of
Corrections, et al.

**O R D E R**

Derek Potocki has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, seeking relief for unconstitutional treatment he alleges that he received during his incarceration at the Strafford County House of Correction ("SCHC"). The matter is before me for preliminary review to determine whether, among other things, the complaint states a cause of action upon which relief might be granted. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2); 28 U.S.C. § 1915(e)(2)(B).

Background

Potocki alleges that while incarcerated at the SCHC, he was subjected to excessive force and harassment by two corrections officers, and denied humane conditions of confinement. Specifically, he alleges that he was punched in the head, verbally harassed, denied showers and clean clothing for days on end, denied a clean and nonhazardous cell, denied bedding, denied

any ability to leave his cell or exercise, and that the toilet in his cell was clogged and nonfunctional for seven days.

## Discussion

It is unclear from his complaint whether Potocki was a pretrial detainee or sentenced inmate at the time the events he describes occurred. If he was a pretrial detainee, Potocki's challenges to the conditions of his detention arise under the Fourteenth Amendment. See, e.g., Lyons v. Powell, 838 F.2d 28, 29 (1st Cir. 1988) (per curiam) (rejecting an Eighth Amendment challenge to pretrial detention). "'[T]he State does not acquire the power to punish, with which the Eighth Amendment is concerned, until after it has secured a formal adjudication of guilt in accordance with due process of law.'" Martinez-Rivera v. Ramos, ___ F.3d ___, 2007 WL 2254586, *4 (1st Cir. 2007) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)). Detainees have a constitutional right under the due process clause of the Fourteenth Amendment to be free of punishment. See Surprenant v. Rivas, 424 F.3d 5, 15 (1st Cir. 2005) (citing O'Connor v. Huard, 117 F.3d 12, 15 (1st Cir. 1997)). However, challenged conditions or restrictions which can be rationally related to some legitimate administrative goal or security

concern generally will not be deemed unconstitutional "punishment." O'Connor, 117 F.3d at 15. Because the Due Process Clause prohibits the infliction of punishment on a person prior to a judgment of conviction, the issue in evaluating claims by a pretrial detainee is ultimately whether the conditions of confinement were reasonably related to a legitimate state interest or were intended instead as punishment. See Surprenant, 424 F.3d at 13; Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 317 (1st Cir. 1995).

Prison conditions for sentenced inmates are scrutinized under the Eighth Amendment, which protects against the infliction of cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002). The Eighth Amendment prohibits any punishment which violates civilized standards of decency or involves the "unnecessary and wanton infliction of pain." Ingraham, 430 U.S. at 670 (quoting Estelle v. Gamble, 429 U.S. 97, 102-03 (1976)).

I cannot determine from the facts alleged in the complaint whether or not Potocki was a pretrial or convicted inmate at the time of the occurrences he complains of in this action. Having reviewed Potocki's claims, however, I find that this information

is relevant to my initial evaluation of the claims.  If, as here, the Court requires additional information to determine whether a cognizable claim has been filed, the Court may order a pro se party to file an amended filing.  <u>See</u> LR 4.3(d)(2)(B) (authorizing the magistrate judge to order plaintiff to file amended pleading).

<u>Conclusion</u>

Because I find that additional information is necessary to conduct a preliminary review of this matter, Potocki is ordered to amend his complaint within twenty days of today's date, to advise the Court as to whether, at the time of the events described in his complaint, he was a pretrial detainee or a sentenced inmate.  Upon submission of the requested information, the complaint will be preliminarily reviewed.

**SO ORDERED.**

/s/ Justo Arenas
Justo Arenas
United States Magistrate Judge

Date:    August 16, 2007

cc:      Derek Potocki, pro se