**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Derek Potocki


        v.                                    Civil No. 07-cv-071-SM


Warren Dowaliby, Superintendent,
Strafford County House of
Corrections, et al.[1]


### REPORT AND RECOMMENDATION


        Derek Potocki has filed a civil rights complaint, pursuant

to 42 U.S.C. § 1983, alleging that he was subjected to

unconstitutional treatment while he was incarcerated at the

Strafford County House of Correction ("SCHC").  The matter is

before me for preliminary review to determine whether, among

other things, the complaint states any claim upon which relief

might be granted.  See United States District Court for the

District of New Hampshire Local Rule ("LR") 4.3(d)(2); 28 U.S.C.

§ 1915(e)(2)(B).

---

        [1]In addition to Warren Dowaliby, the Superintendent of the
Strafford County House of Correction ("SCHC"), Potocki names SCHC
officers Kirk Derusha and Steve Pollared as defendants to this
action.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." <u>See</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997) (same). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. <u>See</u> <u>id.</u> This review ensures that pro se pleadings are given fair and meaningful consideration.

2

Background

Potocki alleges that, after he was placed in a cell in the booking area at SCHC, he attempted to hang himself in his cell. Potocki passed out, and when he regained consciousness, he was handcuffed behind his back.  After Potocki regained consciousness, SCHC Corrections Officer Pollared grabbed Potocki's shirt and said: "You are not going to die on my shift." Pollared then punched Potocki in the head.

Potocki wanted criminal charges filed against Pollared, but SCHC Superintendent Dowaliby falsely told the Strafford County Sheriff's Department that Potocki did not want to file criminal charges.  Potocki claims that, as a result, no charges were brought against Pollared.

Potocki states that, during his incarceration at SCHC, he has been on "medical watch" due to his mental health problems. Potocki alleges that SCHC Corrections Officer Derusha made a habit of sitting in front of Potocki's cell harassing him until he "flip[ped] out."  Potocki alleges that Derusha harrassed him by calling him names and threatening him with physical harm. Potocki further claims that Dowaliby was made aware of this problem and failed to remedy the situation.

Potocki alleges that he has been denied adequate bedding at the SCHC.  He was provided only with a mat on the floor and a wool blanket.  Potocki is allergic to wool.  Potocki claims he has been denied showers and clean clothing for up to five days at a time, and has been housed in a cell with a toilet that was clogged and unusable for seven days.  Potocki states that there is someone else's blood on the walls of his cell and that SCHC officials have refused to clean the blood off of his cell walls, despite the hazard it presented to Potocki's well-being.  Finally, Potocki claims that he has been denied all exercise due to being locked in his cell twenty-four hours a day.

## Discussion

I.   Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[2]; City of Okla. City v.

---

[2]42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

<u>Tuttle</u>, 471 U.S. 808, 829 (1985); <u>Wilson v. Town of Mendon</u>, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978); <u>Soto v. Flores</u>, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Here, Potocki claims that the defendants, all state actors, have violated his federal constitutional rights.[3]  His claims arise, therefore, under § 1983.

II.  <u>Potocki's Incarcerative Status</u>

It is unclear from his complaint whether Potocki was a pretrial detainee or sentenced inmate at the time the events he describes occurred.  If he was a pretrial detainee, Potocki's challenges to the conditions of his detention arise under the Fourteenth Amendment.  <u>See, e.g.,</u> <u>Lyons v. Powell</u>, 838 F.2d 28, 29 (1st Cir. 1988) (per curiam) (rejecting an Eighth Amendment challenge to pretrial detention).  "'[T]he State does not acquire the power to punish, with which the Eighth Amendment is

injured in an action at law . . . .

[3]The claims identified in this Order will be considered for all purposes to be the claims raised in this action.  If Potocki disagrees with this identification of claims, he must properly move to amend his complaint.

concerned, until after it has secured a formal adjudication of guilt in accordance with due process of law.'"  <u>Martinez-Rivera v. Ramos</u>, ___ F.3d ___, 2007 WL 2254586, *4 (1st Cir. 2007) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)). Detainees have a constitutional right under the due process clause of the Fourteenth Amendment to be free of punishment.  <u>See Surprenant v. Rivas</u>, 424 F.3d 5, 15 (1st Cir. 2005) (citing <u>O'Connor v. Huard</u>, 117 F.3d 12, 15 (1st Cir. 1997)).  However, challenged conditions or restrictions which can be rationally related to some legitimate administrative goal or security concern generally will not be deemed unconstitutional "punishment."  <u>O'Connor</u>, 117 F.3d at 15.  Because the Due Process Clause prohibits the infliction of punishment on a person prior to a judgment of conviction, the issue in evaluating claims by a pretrial detainee is ultimately whether the conditions of confinement were reasonably related to a legitimate state interest or were intended instead as punishment.  <u>See</u> <u>Surprenant</u>, 424 F.3d at 13; <u>Collazo-Leon v. U.S. Bureau of Prisons</u>, 51 F.3d 315, 317 (1st Cir. 1995).

Prison conditions for sentenced inmates are scrutinized under the Eighth Amendment, which protects against the infliction

of cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S.
825, 832 (1994); Burrell v. Hampshire County, 307 F.3d 1, 7 (1st
Cir. 2002).  The Eighth Amendment prohibits any punishment which
violates civilized standards of decency or involves the
"unnecessary and wanton infliction of pain."  Ingraham, 430 U.S.
at 670 (quoting Estelle, 429 U.S. at 97, 102–03.

The Fourteenth Amendment analysis afforded pretrial
detainees allows for a more expansive recognition of cognizable
claims than the standard applied to convicted inmates.  I will
presume, therefore, for purposes of preliminary review, that
Potocki was a pretrial detainee when the alleged incidents
occurred, and evaluate his claims accordingly.[4]

III. Excessive Force

The Fourteenth Amendment protects a pretrial detainee from
excessive force that amounts to punishment.  See O'Connor, 117
F.3d at 16; Garcia v. City of Boston, 115 F. Supp. 2d 74, 81 (D.
Mass. 2000), aff'd, 253 F.3d 147 (1st Cir. 2001).  In determining
whether a plaintiff has stated a claim for unconstitutionally

---

[4]If in fact Potocki is later determined to have been a
convicted inmate at the time of the incidents alleged, it may be
that one or more of the claims for which I direct service will
not survive the higher scrutiny of viability that will occur
under an Eighth Amendment analysis.

excessive force, the court should look to the following four factors: (1) "the need for application of force," (2) "the relationship between the need and the amount of force that was used," (3) "the extent of injury inflicted," and (4) "whether the force was applied in good faith to maintain or restore discipline or maliciously and sadistically for the very purpose of inflicting harm."  Garcia, 115 F. Supp. 2d at 81.  Potocki alleges that Pollared used excessive force when he punched Potocki in the head, because, at the time, he was handcuffed and regaining consciousness after a suicide attempt.  Other than attempting to die on Pollared's shift, Potocki alleges, he did nothing to provoke any attack, much less a punch in the head. Potocki does not report whether or not he was injured by the assault, but it is alleged that the force was not applied in order to maintain or restore discipline.  Accordingly, I find that Potocki has stated a valid claim for excessive force against defendant Pollared and, in my Order issued simultaneously with this Report and Recommendation, I will direct service of this claim on Pollared.

IV.   <u>Failure to Pursue Criminal Prosecution of Pollared</u>

"There is no cause of action under § 1983 for failure to prosecute a crime where the civil rights complainant alleges that he was the victim, as there appears to be no federal constitutional right to have criminal wrongdoers brought to justice." <u>Nieves-Ramos v. Gonzalez-De-Rodriguez</u>, 737 F. Supp. 727, 728 (D.P.R. 1990); <u>see</u> <u>also</u> <u>Linda R. S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another."). Here, Potocki alleges that he wanted criminal charges to issue against Pollared for the assault in Potocki's cell, but that Dowaliby deliberately denied him access to criminal prosecution. Because Potocki has no constitutional right to have Pollared prosecuted, no § 1983 claim emanates from Dowaliby's frustration of such prosecution, as Dowaliby has not deprived Potocki of any constitutional right. Accordingly, I recommend that this claim be dismissed from this action.

V.   <u>Harassment</u>

In general, there is no constitutionally protected right held by a prisoner not to be verbally abused or harassed. <u>See</u> <u>Shabazz v. Cole</u>, 69 F.Supp.2d 177, 198-201 (D.Mass. 1999) (citing

authority to explain that racial slurs and verbal threats do not violate a prisoner's constitutional rights).  Potocki, however, as a pretrial detainee, is protected by the Due Process Clause of the Fourteenth Amendment from verbal harassment that is designed to punish him.  See Bell v. Wolfish, 441 U.S. 520, 534 (1979) ("[W]hat is at issue when an aspect of pretrial detention that is not alleged to violate any express guarantee of the Constitution is challenged, is the detainee's right to be free from punishment. . . .") (emphasis in original).  Potocki has alleged sufficient facts to support his claim that defendant Derusha was harassing him as a form of punishment, in violation of the Fourteenth Amendment.  I will, therefore, direct that this claim be served on Derusha in my Order issued simultaneously with this Report and Recommendation.

VI.   Conditions of Confinement

In examining Potocki's allegations that he was denied humane conditions of confinement, I consider whether the questioned conditions of confinement were reasonably related to a legitimate state interest or were intended instead as punishment.  See Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 317 (1st Cir. 1995).  Potocki specifically alleges a denial of adequate

bedding, showers, clean clothing, a working toilet, and exercise. I find here that, while defendants may ultimately be able to demonstrate that some or all of the conditions described were reasonably related to legitimate state interests, Potocki has alleged sufficiently harsh and unhygienic conditions of his confinement to state a claim for unconstitutionally punitive prison conditions.  Further, Potocki alleges in his complaint that he filed multiple grievances regarding all of his claims raised, and that Dowaliby, was therefore put on notice of the unconstitutional treatment Potocki received at the SCHC, and failed to take any remedial action.  Dowaliby, as Superintendent of the SCHC, is the individual responsible for the general conditions of the prison, including, among other things, the cleanliness of cells, provision of adequate bedding, clothing, and showers to inmates, and the state of repair of the plumbing facilities.  Accordingly, I will direct that this claim be served on Dowaliby in my Order issued simultaneously with this Report and Recommendation.

<u>Conclusion</u>

For the reasons stated herein, I will direct, in my Order issued simultaneously with this Report and Recommendation, that

11

(1) the excessive force claim proceed against Pollared, (2) the Harassment claim proceed against Derusha, and (3) the conditions of confinement claim proceed against Dowaliby.  I also recommend that the claim relating to Dowaliby's failure to further criminal prosecution of Pollared be dismissed.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:      September  12, 2007

cc:        Derek Potocki, pro se

12