UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Derek Potocki,
        Plaintiff

        v.                              Civil No. 07-cv-071-SM
                                        Opinion No. 2008 DNH 174
Warren Dowaliby, Superintendent,
Strafford County House of Corrections;
Kirk DeRusha; and Steven Pollard,
        Defendants

**O R D E R**

Pro se plaintiff, Derek Potocki, filed this civil rights
action, claiming he was subjected to unconstitutional treatment
and conditions of confinement while he was detained at the
Strafford County House of Corrections ("SCHC").  See 42 U.S.C.
§ 1983.  Defendants move to dismiss Potocki's complaint as a
sanction for his ongoing failure to provide court-ordered
discovery.  For the reasons discussed below, that motion is
granted.

**Background**

On September 12, 2007, the Magistrate Judge issued a Report
and Recommendation in which he concluded that Potocki's complaint
advanced three viable claims over which the court has subject
matter jurisdiction: excessive force; harassment; and
unconstitutional conditions of confinement.  As to Potocki's

fourth claim – that defendant Dowaliby refused to file criminal
charges against a corrections officer who allegedly assaulted
Potocki in his cell – the Magistrate Judge recommended that it be
dismissed.  Potocki did not object or respond in any way to that
Report and Recommendation and, on October 3, 2007, the court
approved it.

On March 26, 2008, defendants served Potocki with a set of
interrogatories.  In the cover letter accompanying those
interrogatories, counsel for defendants informed Potocki that,
absent an extension of time, he was required to provide his
responses within thirty days.  Potocki was also informed that if
he failed to do so, "sanctions may apply to your case."  Exhibit
A to defendants' Motion to Compel (document no. 20-2).  Counsel
explained that those sanctions "can include dismissal of your
case."  Id.  Plaintiff failed to respond.  Accordingly, on May 1,
2008, defense counsel again wrote to Potocki, reminding him of
his obligation to provide written response to the interrogatories
and informing him that:

> If you do intend to answer the interrogatories, please
> notify me immediately.  I will need you to propose a
> time deadline when I may expect to receive written
> answers, however.  If I do not hear from you I will
> file a motion for sanctions, including dismissal, in
> the very near future.

Exhibit B to defendants' Motion to Compel.

Two weeks later, on May 14, 2008, when plaintiff failed to respond to counsel's letter (and still had not provided his answers to the interrogatories), counsel filed a motion to compel (document no. 20).  Again, Potocki remained silent.  Accordingly, on June 10, 2008, the court granted defendants' motion to compel and ordered Potocki to provide his responses to the interrogatories within ten days, failing which he would be exposed to possible sanctions, including dismissal.  He failed to do so.[1]

On June 25, 2008, defendants filed the pending motion to dismiss Potocki's claims for failure to provide court-ordered discovery.  Although nearly three months have passed since defendants' filed their motion to dismiss, Mr. Potocki has not filed an objection.

---

[1]     Because defendants learned that Mr. Potocki had been transferred from SCHC to the Essex County Correctional Facility, they wanted to insure that he received a copy of the court's order on their motion to compel.  Accordingly, they had that order served, by hand, upon Potocki and witnessed by two corrections officers.  Exhibit A to Supplement to Defendants' Motion to Dismiss (document no. 22).  Parenthetically, the court notes that it is Potocki's obligation to keep opposing counsel and the court informed of any changes in his mailing address. See Local Rule 83.6(e).

**Discussion**

Citing the Federal Rules of Civil Procedure, defendants move to dismiss Potocki's claims, with prejudice, as a sanction for his failure to provide court-ordered discovery.  Although their motion does not identify which specific rule(s) they are invoking, presumably defendants rely on Rule 37.  That rule provides that, if a party:

> fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders.  They may include the following: . . . (v) [an order] dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A).  Additional authority for the sanction sought by defendants may be found in Rule 41, which provides, in pertinent part, that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under the subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).


It is well-established that the authority to dismiss a party's claims for failure to comply with court-ordered discovery is committed to the court's discretion.  See, e.g., Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006); Torres-

4

<u>Vargas v. Pereira</u>, 431 F.3d 389, 392 (1st Cir. 2005).  Whether such authority should be exercised in a particular case depends upon the "chronology of the case and the totality of the attendant circumstances."  <u>Torres-Vargas</u>, 431 F.3d at 392.  Some of the factors the court should consider under such circumstances include:

> the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.

<u>Robson v. Hallenbeck</u>, 81 F.3d 1, 2 (1st Cir. 1996).

Given the totality of circumstances presented in this case, the court is persuaded that defendants are entitled to dismissal of all of plaintiff's claims.  Although Potocki has not honored his obligation to keep the court and opposing counsel apprised of changes in his mailing address, it appears that he has received actual notice and copies of all communications from defendants (including the set of interrogatories and the two letters sent by defense counsel), as well as all court orders (including the order granting defendants' motion to compel).  <u>See generally</u> Docket Entries of June 16 and June 26, 2008 (noting that Mr. Potocki had been transferred to FMC, Springfield, Missouri, and notifying defense counsel of the same).  Nevertheless, he has

remained silent.  His responses to the interrogatories were due five months ago and the court order directing him to produce those response within ten days (or face sanctions) was issued more than three months ago.

Potocki has offered neither an explanation nor an excuse for his failure to comply with court-ordered discovery.  And, because his silence cannot reasonably be attributed to a lack of notice of the proceedings in this case, it is not unreasonable to infer that, in light of his transfer to a different correctional facility, he is simply no longer interested in pursuing his claims against defendants.

## Conclusion

Having considered the totality of circumstances presented in this case, as well as the factors identified by the court of appeals, the court concludes that defendants are entitled to the relief they seek as a sanction for plaintiff's ongoing failure to produce court-ordered discovery.  See generally Torres-Vargas, 431 F.3d at 393 ("It is settled law that a party flouts a court order at his peril.  Where, as here, the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic

sanctions before dismissing a case with prejudice.") (citation omitted).

In light of the foregoing, defendants' Motion to Dismiss (document no. 21) is granted and plaintiff's claims are dismissed, with prejudice.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

September 19, 2008

cc:  Derek Potocki, pro se
     Corey M. Belobrow, Esq.

7